FILED

January 4, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 9:54 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| Timmy Thomas,<br>　　　　　Employee,<br>v.<br><br><br>Wal-Mart Associates, Inc.<br>　　　　　Employer, | ) Docket No.: 2015-04-0082<br>)<br>) State File No.: 77493-2014<br>)<br>)<br>)<br>)<br>) Judge Robert Durham |

## EXPEDITED HEARING ORDER DENYING BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by Timmy Thomas on November 17, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if Wal-Mart Associates, Inc. (Wal-Mart), is obligated to provide workers' compensation benefits.

The dispositive issues are whether Mr. Thomas can establish a workers' compensation claim for an acute injury when he cannot remember the specific date the accident occurred, and whether he provided sufficient notice of a work-related injury to Wal-Mart. For the reasons set forth below, the Court finds Mr. Thomas' failure to remember the specific date of his injury would not preclude him from workers' compensation benefits; however, he failed to provide timely notice of his work-related injury to Wal-Mart in accordance with Tennessee Code Annotated section 50-6-201 (2014). Therefore, the Court finds Mr. Thomas is unlikely to prove a compensable injury at a hearing on the merits and denies his claim for benefits.

### History of Claim

Mr. Thomas is a thirty-one-year-old resident of Putnam County, Tennessee. (Ex. 12 at 6.) He has worked for Wal-Mart in maintenance for approximately four years. (Ex. 12 at 23.) On August 25, 2014, Mr. Thomas treated with his personal medical provider, N.P. Linda Stover. (Ex. 7 at 1.) Mr. Thomas reported he hurt his low back

1

several weeks earlier picking up a heavy object at work. *Id.* He complained of low back pain radiating into his buttocks and legs with some intermittent numbness. *Id.* N.P. Stover diagnosed a backache and prescribed Naproxen and Flexeril. (Ex. 7 at 3.)

Mr. Thomas returned to N.P. Stover on September 30, 2014, complaining his back pain had not improved and requesting an MRI. (Ex. 7 at 4.) N.P. Stover continued treatment with muscle relaxers and pain medication, and ordered an MRI. (Ex. 7 at 5.)

According to the affidavit of Joshua Emmert, Mr. Thomas' immediate supervisor, Mr. Thomas missed several days of work in late September 2014 because of back pain. (Ex. 12 at 12.) However, he never told Mr. Emmert that the back pain stemmed from an injury at work. *Id.* Approximately two weeks after he first missed work from back pain, Mr. Thomas called Mr. Emmert and told him he hurt his back at work while lifting a box of stripper wax; however, he never provided a specific date of injury. *Id.* Mr. Emmert advised him to come in and complete accident paperwork. *Id.*

On October 2, 2015, Mr. Thomas completed an "Associate Statement" with regard to his claim. (Ex. 12 at 2.) Mr. Thomas listed the date of injury as August 25, 2014. *Id.* He stated he was stacking boxes of wax when he picked one up "the wrong way" and felt pain in his low back. *Id.* On the report, Mr. Thomas identified "Kenny," a co-worker, as a witness. *Id.* The pain initially went away, but returned that night and gradually worsened. (Ex. 12 at 3.)

The accident report is filled with significant spelling errors and inconsistencies. For example, the word "maintenance" is spelled "mantnice," "stacking" is spelled "stakeing," "remember" is spelled "remilder," and "again" is spelled "agin." He also completed a section of the report reserved for hernias and ruptures. (Ex. 12 at 2-3.) Mr. Thomas responded to one question as follows: "At the time you were injured, did you stop working? Yes. If so, how long? No, I keep working." *Id.* Finally, Mr. Thomas signed the signature line indicating he prepared the accident report, but also signed the signature line indicating someone else prepared the report for him. *Id.*

Mr. Thomas completed an "Associate Incident Report" the same day, again indicating he hurt his back at work while picking up a box of wax. (Ex. 12 at 4.) As with the accident report, this form also contained numerous misspelled words, including "singel" for "single," "worng" for "wrong," and "nees" for "knees." *Id.* He again listed the date of injury as August 25, 2014. *Id.* Wal-Mart offered Mr. Thomas a panel of physicians from which he selected Dr. Roy Anderson with Quality Medical Center. (Ex. 12 at 5.) On the form, Mr. Thomas listed the date of injury as September 15, 2014. *Id.*

After completing his paperwork, Mr. Thomas visited Quality Medical Center. (Ex. 9 at 1.) He described injuring his low back at work while lifting a box of wax, stating he felt pain in his low back when he bent over to lift the box. *Id.* He complained

2

of constant, burning pain that radiated down both legs and into his feet. *Id.* Laurajane Officer Dundey, FN noted Mr. Thomas' complaints as stemming from a "new work-related injury." (Ex. 9 at 2.) She prescribed muscle relaxers and steroids, and placed significant restrictions on Mr. Thomas' physical activities for one week. (Ex. 9 at 2.) FN Dundey scheduled Mr. Thomas to return on October 9; however, there is no record of Mr. Thomas returning to Quality Medical Center. *Id.*

Shortly thereafter, Brandace Lewis, Personnel Coordinator for Wal-Mart, asked Mr. Emmert to verify if Mr. Thomas worked on August 25. (Ex. 2 at 1.) Mr. Emmert checked the time card report and noted Mr. Thomas did not work on August 25. *Id.* There is no record of Wal-Mart paying any workers' compensation benefits following this discovery.[1] Mr. Thomas took medical leave from Wal-Mart on November 3, 2014. (Ex. 1 at 1.)

Mr. Thomas resumed care with N.P. Stover and underwent an MRI on October 22. (Ex. 8 at 1.) At the L4-L5 level, the MRI revealed "disc dessication with circumferential disc bulge and a large right paracentral/foraminal dis protrusion which causes severe right lateral recess stenosis and severe central canal narrowing. There is displacement of the cauda equine nerve roots posteriorly, particularly the transversing right-sided nerve roots." *Id.*

N.P. Stover referred Mr. Thomas to Dr. Joseph Jestus with Tier 1 Neurosurgery, and on November 11, 2014, Julianne Buckner, PA-C with Tier 1, evaluated him. (Ex. 10 at 11.) PA Buckner noted Mr. Thomas injured his low back on August 21, 2014, while lifting a heavy box. *Id.* Mr. Thomas treated conservatively for two months without any improvement. (Ex. 10 at 5.), On February 16, 2015, Dr. Jestus performed a lumbar microdiscectomy at the L4-L5 level. (Ex. 10 at 4.) The last note from Tier 1 dated February 20, 2015, indicated Mr. Thomas was improving, but still experienced occasional pain. (Ex. 10 at 1.) PA Buckner took him off work for another month. (Ex. 10 at 2.)

Although the parties did not provide any additional records, Mr. Thomas testified he was on medical leave for his low back until May 7, 2015. He then returned to full duty at Wal-Mart. On July 27, 2015, Mr. Thomas filed a Petition for Benefit Determination (PBD) seeking workers' compensation benefits. (Ex. 12 at 6.) In the PBD, he listed his date of injury as September 23, 2014. *Id.* Mr. Thomas filed an affidavit dated October 26, 2015, in support of his Request for Expedited Hearing listing his date of injury as August 7, 2014. (Ex. 12 at 10.)

In support of its position, Wal-Mart submitted the affidavits of Mr. Emmert and Ms. Lewis. Mr. Emmert testified Mr. Thomas did not work on August 25, 2015. (Ex. 12

---

[1] Neither party provided a Notice of Denial of Benefits to the Court.

at 12.) Ms. Lewis testified that, according to Wal-Mart's attendance records, Mr. Thomas did not work on August 7, August 25, September 15, or September 23, 2014. (Ex. 12 at 14.)

At the hearing, Mr. Thomas admitted he did not work on August 25, 2014. He stated he did not report the injury until several weeks after it occurred, and by the time he did, he had forgotten the day it happened. He testified he did everything to try to find out the date it happened, but he did not have any luck. Mr. Thomas did not testify as to any other dates for the work-related accident. While he testified he was a high school graduate, the Court observed Mr. Thomas had a great deal of difficulty in reading a portion of his affidavit aloud.

At the hearing, the parties stipulated to the admissibility of the medical records, and that Mr. Thomas' average weekly wage was $241.24, resulting in a compensation rate of $160.83.

Mr. Thomas filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues from the PBD through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Thomas filed a Request for Expedited Hearing, and the Court heard the matter on December 17, 2015. At the Expedited Hearing, Mr. Thomas asserted he sustained a job-related injury, and the Court should deem his claim compensable. Wal-Mart countered that Mr. Thomas failed to establish a date of injury, which is an essential element of his claim. Furthermore, Wal-Mart argues the Court should deny Mr. Thomas' claim based on lack of notice and the statute of limitations.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

In order to prove a compensable claim, an employee must establish he sustained an "injury by accident . . . arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14) (2014). The injury is accidental only if it is caused "by a specific incident or set of incidents . . . identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2014).

In this instance, the Court is convinced Mr. Thomas sustained an injury to his low back while picking up a box of wax in the course and scope of his employment with Wal-Mart. He consistently provided the same history of injury to every medical provider and in every accident report. He simply cannot remember the specific date the incident occurred.

In *Lee v. Shoney's, Inc.*, No. M1999-00469-WC-R3-CV, 2000 Tenn. LEXIS 359, at *1-2 (Tenn. Workers' Comp. Panel June 26, 2000), the employee twisted his hip in November and was given lighter duty by the employer until he felt a sharp pain in his hip in January. The trial court found the employee suffered a compensable injury, even though the exact date of injury was uncertain, since there was no issue regarding the timeliness of the action. *Id.* at *3.

On appeal, the employer in *Lee* argued the injury could not have occurred in the course of employment since the employee did not work on the day the trial court found to be the date of the injury. *Id.* at *4. The Panel held that, "[w]hile the Chancellor may have been mistaken as to the date of the injury, the evidence fails to preponderate against the finding that the injury occurred at work and while the employee was performing an assigned task. The first issue is resolved in favor of the employee." *Id.*

As in *Lee*, the Court finds that, in this instance, Mr. Thomas is likely to prevail on the issue of whether "the injury occurred at work and while [he] was performing an assigned task." *Id.* While Tennessee Code Annotated section 50-6-102(14)(A) (2014) requires the injury be "identifiable by time and place of occurrence," it does not

5

necessarily require the identification of a specific date of injury. When Mr. Thomas visited N.P. Stover on August 25, 2014, the record indicates he had been suffering from symptoms for "several weeks." (Ex. 7 at 1.) Thus, the Court finds Mr. Thomas likely sustained the low back injury in the first weeks of August 2014. Were there no other issues, the Court would find there was sufficient evidence to find Mr. Thomas would likely prevail at trial with regard to establishing a compensable injury.

However, Tennessee Code Annotated section 50-6-201(a)(1) (2014) requires an employee to provide notice to his employer once he has sustained a work-related injury:

> (a)(1) Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury[.] . . . No compensation shall be payable under this chapter, unless the written notice is given the employer within thirty (30) days of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

In this matter, Mr. Thomas not only provided insufficient evidence to establish the date of injury, the Court finds Mr. Thomas also provided insufficient evidence to establish when he first provided notice of his injury to Wal-Mart. Mr. Thomas testified he told his manager, Mr. Emmert, about his low back injury, but admitted it was some time after the actual incident occurred, and he did not testify as to the actual date. Through his affidavit, Mr. Emmert testified that approximately two weeks after Mr. Thomas first missed work because of back pain, he received a phone call from Mr. Thomas advising him that he hurt his back at work. (Ex. 2 at 1.) However, he does not indicate when Mr. Thomas began missing work or when the call actually occurred. *Id.* Therefore, there is nothing in the record to indicate when Wal-Mart received actual notice of Mr. Thomas' injury. The employee bears the burden of proving all essential elements of his claim, including notice. *Scott, supra,* at *6.

It is undisputed that Wal-Mart received written notice of Mr. Thomas' injury on October 2, 2014. (Ex. 3 at 1.) However, by that time, assuming Mr. Thomas' accident occurred in the first weeks of August, it was well past thirty days from the accident, and thus in violation of Tennessee Code Annotated section 50-6-201 (2014). Furthermore, Mr. Thomas did not provide any excuse for failing to provide notice earlier. In his testimony, he candidly admitted he should have notified Wal-Mart earlier, but he simply failed to do so. Therefore, Mr. Thomas did not establish a "reasonable excuse" for failure to provide timely notice of his work injury. *See* Tenn. Code Ann. § 50-6-201(a)(1) (2014).

Finally, Tennessee Code Annotated section 50-6-201(a)(3) (2014) provides that:

6

No defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice.

The Court finds this subsection only applies if there has been some notice given within thirty days of the injury date, and it is defective in some respect. It would not apply in those instances where the employee did not provide any notice within the mandated timeframe. Otherwise, the bar against compensation if the employee inexcusably fails to provide notice within thirty days would be of little consequence. *See* Tenn. Code Ann. § 50-6-201(a)(1). Thus, this section would be inapplicable to Mr. Thomas' claim, since he admittedly provided no notice within thirty days of his injury.

Nevertheless, Wal-Mart alleges Mr. Thomas' delay in providing notice did result in prejudice, in that it could not adequately investigate the claim given that Mr. Thomas could not identify the date of injury. (T.R. 4 at 4.) Although the Court does not find Wal-Mart was "paralyzed" by the lack of a specific date of injury (T.R. 4 at 4), there is some merit to the argument. As Mr. Thomas admitted in his testimony, by the time he provided notice of his accident, he had forgotten the exact date it occurred. If he had provided timely notice with an accurate date of injury, Wal-Mart would have been able to conduct a complete investigation.

Therefore, the Court finds Mr. Thomas provided sufficient evidence to establish he is likely to prevail at a hearing on the merits as to whether he sustained an "accidental injury" in accordance with Tennessee Code Annotated section 50-6-102(14) (2014). However, he failed to come forward with sufficient evidence from which the Court can conclude he provided adequate notice as required by Tennessee Code Annotated section 50-6-201(a)(1) (2014). As a result, the Court finds he is not entitled to workers' compensation benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1.   Mr. Thomas' request for workers' compensation benefits is denied at this time

2.   This matter is set for Initial Hearing on February 2, 2016, at 9:00 a.m. C.T.

**ENTERED THIS THE 4th DAY OF JANUARY, 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

7

**Initial Hearing:**

An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 866-689-9049 to participate in the Initial Hearing.

Please Note: **You must call in on the scheduled date/time to participate.** **Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it

8

with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1. Affidavit of Timmy Thomas dated October 26, 2015;
2. Affidavit of Joshua Emmert;
3. Affidavit of Brandace Lewis;
4. Associate Incident Report;
5. First Report of Injury;
6. Wage Statement;
7. Medical Records of TLC Family Care, P.C.;
8. MRI report from Premier Medical Center;
9. Medical records from Quality Medical Center;
10. Medical records from Tier 1 Neurosurgery;
11. Consent forms from Tier 1 Neurosurgery;
12. Wal-Mart's collected exhibits:
    a. C-41 Wage Statement,
    b. Associate Statement,
    c. Associate Incident Report,
    d. C-42 Choice of Physician Form,
    e. Petition for Benefit Determination dated 7/27/15,
    f. Petition for Benefit Determination dated 10/06/15,
    g. Affidavit of Timmy Thomas,
    h. Affidavit of Joshua Emmert,
    i. Affidavit of Brandace Lewis with attachments.

Technical Record:

1. Dispute Certification Notice;
2. Request for Expedited Hearing;
3. Objection to DCN;
4. Request for Expedited Hearing;
5. Employer's Motion to Continue Expedited Hearing; and,
6. Order Denying Employer's Motion to Continue.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 4th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Timmy Thomas | X | | X | Timmy.thomas22@yahoo.com |
| Celeste Watson | | | X | cmwatsonlaw@gmail.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

11